UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FLOYD JONES,**<br>307 Stony Hill Court<br>Fort Washington, MD 20741<br><br>**Plaintiff,**<br><br>v.<br><br>**GLAXO SMITHKLINE, INC.,**<br>1 Franklin Plaza<br>Philadelphia, PA 19101<br><br>**Defendant.** | Case No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

To: The Honorable Judges of the
United States District Court for
the District of Columbia

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant SmithKline Beecham Corporation (d/b/a GlaxoSmithKline) (incorrectly identified as Glaxo SmithKline, Inc.), by way of undersigned counsel, hereby gives notice of the removal of the above-captioned civil action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

In support of this Notice of Removal (the "Notice"), Defendant states as follows:

1. Plaintiff Floyd Jones commenced this civil action against Defendant in the Superior Court of the District of Columbia on March 6, 2008. The action was captioned *Floyd Jones v. Glaxo SmithKline, Inc.*, Civil Action No. 08-CA-001926 B (the "Superior

Court Action"). Copies of the Summons and Complaint in the Superior Court Action are attached to this Notice as Exhibit A.

2. Improper service of the Summons and Complaint was made on Defendant on March 13, 2008.

3. In his Complaint, Plaintiff purports to allege three claims against Defendant, seeking relief for: (1) alleged race-based disparate treatment in employment practices under the District of Columbia Human Rights Act; (2) alleged race-based disparate impact in employment practices under the District of Columbia Human Rights Act; and (3) alleged hostile work environment in violation of the District of Columbia Human Rights Act.

4. The United States District Court for the District of Columbia has original jurisdiction over the Superior Court Action by reason of 28 U.S.C. § 1332(a)(1). The sum or value of the matter in controversy exceeds $75,000 exclusive of interest and costs and the controversy is between citizens of different States. Plaintiff alleges in his Complaint that he is a resident of the State of Maryland. Defendant is incorporated in the State of Pennsylvania and maintains its principal place of business in the State of Pennsylvania [Philadelphia]. By reason of 28 U.S.C. § 1332(c)(1), Defendant is deemed to be a citizen of the State of Pennsylvania.

5. Pursuant to 28 U.S.C. § 1441(a), the Superior Court Action may be removed to this Court because this Court has original jurisdiction and it is "the district court of the United States for the district and division embracing the place where the action is pending."

6. Defendant has timely filed this Notice with this Court by filing it within 30 days after Defendant was improperly served with the Summons and Complaint on March 13, 2008.

7. Defendant has not served any pleadings in the Superior Court Action. Defendant has also not been served with, nor is it aware of, any process, pleadings, or orders in the Superior Court Action other than the improperly served Summons and Complaint, copies of which are attached hereto as Exhibit A.

8. Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice, Defendant will serve copies of this Notice on Plaintiff's legal counsel by first-class mail and will file this Notice with the Clerk of Court for the Superior Court of the District of Columbia.

9. Defendant expressly reserves all rights to challenge the sufficiency of process, service of process, and personal jurisdiction and to raise any and all other defenses, matters of avoidance, and counterclaims that may be available to Defendant under applicable District of Columbia or Federal law.

WHEREFORE, Defendant SmithKline Beecham Corporation hereby gives notice that the civil action initiated by Plaintiff Floyd Jones that is presently pending before the Superior Court of the District of Columbia is removed from that Court to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1332 and 1446.

Dated this 1st day of April, 2008.    Respectfully submitted,

*[signature: H. Scott Johnson, Jr.]*

Gonzalez, Saggio & Harlan, L.L.P.
H. Scott Johnson, Jr., *Of Counsel*
  D.C. Bar No. 464415
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
(202) 683-8929

Gonzalez, Saggio & Harlan, L.L.P.
Emery K. Harlan
  (Not admitted in the District of Columbia)
Warren E. Buliox
  (Not admitted in the District of Columbia)
225 East Michigan Avenue
Milwaukee, WI 53202
(414) 277-8500

**Counsel for Defendant SmithKline Beecham Corporation**

## CERTIFICATE OF SERVICE

I certify that on April 1, 2008, a copy of the foregoing Defendant's Notice of Removal was sent by first-class mail, postage prepaid to:

> Denise M. Clark, Esq.
> The Law Office of Denise M. Clark
> 1250 Connecticut Avenue, N.W., Suite 200
> Washington, D.C. 20036

_/s/ H. Scott Johnson, Jr._
H. Scott Johnson, Jr.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Floyd Jones

*Plaintiff*

vs.

Glaxo Smithkline, Inc.

*Defendant*

Civil Action No. 0001926-08

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. NW. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Denise M. Clark
*Name of Plaintiff's Attorney*

The Law Office of Denise M. Clark
*Address*
1250 Connecticut Ave, Washington, DC

(202) 261-4630
*Telephone*

By _____
*Deputy Clerk*

Date  MAR 6 2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

FLOYD JONES )
307 Stony Hill Court )
Fort Washington, MD 20741, )
 ) COMPLAINT
Plaintiff, )
 ) Demand For Jury Trial
v. )
 )
GLAXO SMITHKLINE, Inc. )
1500 K Street, NW )
Washington, DC 20024 )
 )
Defendant. )

0001926-08

RECEIVED
Civil Clerk's Office
MAR 0 6 2008
Superior Court of the
District of Columbia
Washington, D.C.

Plaintiff, Floyd Jones, by his attorney, Denise M. Clark, alleges, on behalf of himself, as follows:

## NATURE OF ACTION

1. This is an a challenge to Defendant's, Glaxo Smithkline, Inc. ("GSK" or "Defendant") unlawful employment discrimination against Plaintiff, Floyd Jones, ("Jones") based on his race in violation of the D.C. Human Rights Act ("DCHRA"), D.C. Code §2-1401.01 et seq. (2001 ed.).

## JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this action pursuant to D.C. Code § 11-921.

3. This court has personal jurisdiction pursuant to D.C. Code § 2-1403.16.

4. Venue is appropriate because Defendant is located in the District of Columbia, Plaintiff works in the District of Columbia and Defendant's actions occurred in the District of Columbia.

## PARTIES

5. Plaintiff, Jones, is a natural person and resident of Maryland. Plaintiff is an African American male.

6. GSK is a global corporation, headquartered in Philadelphia, PA with business locations throughout the U.S. including their 1500 K Street, N.W., Washington DC location.

## FACTUAL ALLEGATIONS

7. Jones was hired by GSK on June 25, 1995 as a Pharmaceutical Consultant.

8. Jones was promoted to Hospital Products Specialist in 1998 and then to Executive Therapeutic Specialist in 2000. He was reassigned to the position of Senior Executive Oncology Account Manager during a company restructuring in 2001. Jones held this position until his termination on March 31, 2006.

9. The position required Jones to implement and develop programs that would promote GSK products through clinical support. His work required him to sell GSK products to the health care industry through personal sales calls.

10. Throughout his ten year career with GSK, Jones has amassed numerous honors, including being named the Top Sales Associate on four separate occasions.

11. In 2000, Jones was selected to participate in a sales training program which he completed in order to further his skills and put himself in a position to be considered for promotions.

12. In 2002, Jones completed the GSK's Emerging Leaders Development Program, a management training program designed to promote internal hiring at GSK.

13. In 2004, Jones, eager to progress in his career at GSK, took on a Masters of Business Administration Program in addition to balancing a full work load.

14. Jones is also an active member in his community. He was a Counselor for the Young Black Achievers, a former Vice President and Chaplain of Alpha Lambda of Alphi Phi Alpha.

15. In December 2004, Ms. Joanna Turbeville took over as Regional Sales Director and assumed leadership of the sales team that included Jones. Ms. Turbeville is caucasian female.

16. Due to company reorganization, Jones' contact with Ms. Turbeville became more frequent in January 2005.

17. The first interaction in January 2005, between Jones and his supervisor Ms. Turbeville, Ms. Turbeville, did not recognize his exemplary past success, or encourage Jones to continue those successes, but instead made it a point to imply that she would control his success and upward mobility by "whipp[ing] him into shape."

18. While under Ms. Turbeville's supervision, Jones expressed his desire to progress into a management position. On the first occasion that he expressed this desire to Ms. Turbeville, she discouraged him and compared herself to Jones stating that they were "very different."

19. During several instances thereafter Ms. Turbeville compared herself to Jones claiming she "had more of what it takes to get ahead." Jones found these comments deflating, demeaning and inappropriate. He felt he was actively being discouraged to progress his career in GSK.

20. Throughout the period between 2005-2006, Ms. Turbeville began to make investigatory calls to Plaintiff's sales account contacts after he had submitted his expense reports.

21. Upon information and belief, it is not a common practice of GSK supervisors to check on employees after sales calls.

3

22. Upon information and belief, Ms. Turbeville did not make investigatory phone calls on white employees following their sales calls.

23. Upon information and belief, during these investigatory phone calls, Ms. Turbeville, made comments to the account contacts such as, "I'm not sure he [Jones] is even calling on your account" and "he is putting down lunches he's not even taking."

24. Jones first learned of Ms. Turbeville's activities in February 2006 when he was teased by one of his account client's that he needed to be checked up on and "he must have done something wrong." Jones felt his accounts were threatened and his reputation within the field was in jeopardy.

25. Ms. Turbeville's verification of Plaintiff's honesty was conducted like a criminal investigation.

26. Plaintiff's performance and development planning assessment for the year 2003, dated April 5, 2004, contained a ranking system on various GSK products. The assessment of Jones concluded, "overall, you did a great job of managing the portfolio this year."

27. Upon information and belief, throughout the period between 2005-2006 Jones repeatedly requested Ms. Turbeville for training or advice in advancing his career. The feedback from was inconsistent and discouraging.

28. In June 2005, Jones again requested training to improve his skills. Jones specifically requested that he be allowed to spend a day in the field with a District Sales Manager. Ms. Turbeville turned down the request.

29. Jones also asked Ms. Turbeville if she would act as a recommendation for him for promotional opportunities within GSK. Ms. Turbeville responded that she "did not know [Jones] well enough" and that she "could not vouch for him to be promoted."

4

30. During the period between 2004-2006, Jones timely submitted written applications for the internal promotions for positions such as Area Immunization Manager, District Sales Manager, Area Development Manager-Oncology and Field Development Trainer.

31. Despite Ms. Turbeville's refusal to recommend Jones for any promotional opportunities, Jones applied for fifteen positions within the GSK network and did interview for five of the positions.

32. Jones was not selected for any of the positions he applied for during the period of 2004-2006.

33. Throughout Jones' ten years with GSK, the position sometimes required that he treat clients to meals paid on his GSK credit card. This was a practice encouraged and condoned by GSK.

34. On February 18, 2006, Jones travelled to a sales call for a client in Alexandia, Virginia. Jones went to Ruby Tuesday's Restaurant and purchased a take-out lunch for himself and the client. He brought the lunch to the client's staff. The total of the bill, was $31.86. Jones met briefly, in a rushed conversation, with Doctor Stuart Davidson, but he was unable to meet with him longer because Doctor Davidson was at work, attending to patients and had a meeting.

35. At that time, after meeting with Dr. Davidson, Jones timely submitted the Ruby Tuesday's receipt to GSK for $31.86.

36. On March 6, 2006, while travelling to a sales call, which Ms. Turbeville attended with Jones, Ms. Turbeville engaged again in her "motivational" tactic of belittling Jones. She expressed to Mr. Jones that he was inferior to his colleagues (all of whom were white except one African American) and called him "bizarre."

5

37. Upon information and belief, Ms. Turbeville did not refer to any of Jones' white colleagues as "bizarre." Nor did she engage in a similar tactic of overwhelming an employee with negative feedback in order to motivate them.

38. On March 17, 2006, Jones reported this incident to Human Resources and inquired about his rights. He informed Human Resources that the treatment he received from Ms. Turbeville, was "belittling" and "demeaning," and that his white colleagues were not subjected to similar treatment.

39. GSK's Human Resources Director informed Jones that the policy was to re-advise employees of the practices of GSK with regard to documentation and that he should try to speak to Ms. Turbeville again before initiating an investigation. Jones agreed to speak with Ms. Turbeville regarding his concerns.

40. Upon information and belief, GSK Human Resources conducted no investigation, made no findings, and did not reprimand Ms. Turbeville.

41. On March 18, 2006, Jones approached Ms. Turbeville on the advice of Human Resources and expressed his concerns that he was not receiving constructive feedback from her.

42. Around or about that week, when Jones confronted Ms. Turbeville, she made an investigatory phone call to Jones' sales account in Alexandria Virginia. She spoke with Doctor Davidson who allegedly did not remember having lunch at a Ruby Tuesday's Restaurant.

43. In his expense report for that occurrence, Jones had submitted the meeting as "Stuart Davidson, expense, $31.86, see Attendees Lists Ruby Tuesday Alexandria, VA, Arixtra for Prophylaxiz Luncheon."

44. Jones mistakenly wrote that he had lunch at Ruby Tuesday's Restaurant, rather than take-out which he brought to Doctor Davidson.

6

45. The report had previously been approved by Ms. Turbeville on February 20, 2006.

46. Upon information and belief, while GSK has a strict expense report policy, in reality GSK routinely calls or emails employees to correct their mis-recorded calls and expense sheets. No such call or email was sent to Jones.

47. Jones was terminated on March 31, 2006 for "falsifying company records of his reporting activity and expenses in violation of company policy." His termination letter was written by Ms. Turbeville.

48. Until his termination, Jones was never disciplined in any way for his performance or mis-recorded calls and expense sheets.

## EXHAUSTION

49. On June 19, 2006 Jones timely filed a formal administrative Complaint of Discrimination, Docket Number 06-307-P(CN). Thereafter, the Office of Human Rights ("OHR") assigned Plaintiff's complaint to an investigator, Ms. Tecora Martin. In a letter dated, August 9, 2006, OHR scheduled mediation for September 26, 2006. At the request of the Defendant, mediation was then rescheduled for October 4, 2006.

50. A Letter of Determination, finding no probable cause, dated June 11, 2007 was issued by the investigator. Subsequently, on July 2, 2007, Jones timely submitted a Request for Reconsideration pursuant to 4 DCMR 719. OHR issued an order denying the reconsideration on September 4, 2007.

## FIRST CLAIM FOR RELIEF RACIAL DISPARATE TREATMENT UNDER THE DC HUMAN RIGHTS ACT

51. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-48.

52. The DCHRA prohibits discrimination in employment on the basis of race. D.C. Code § 2-1402.11

7

53. During the course of his employment at GSK, and most noticeably since January 2005, Jones was treated differently from, and worse than similarly-situated co-workers outside the protected class because of his race. Defendant's discriminatory treatment culminated in the pretextual termination of Plaintiff's employment.

54. Plaintiff was qualified for his position.

55. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain and suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

56. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's protected statutory rights.

### SECOND CLAIM FOR RELIEF DISPARATE IMPACT UNDER THE DC HUMAN RIGHTS ACT

57. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-54.

58. The DCHRA prohibits employment practices resulting in disparate impact upon a protected group on the basis of race. D.C. Code § 2-1402.11.

59. Jones has suffered from discriminatory practices and policies at GSK, including the pretextual accusation of falsification of records, which resulted in the termination of Plaintiff's position as well as the denial of numerous promotions that Plaintiff was well qualified for, which result in an adverse impact upon employees and applicants outside the protected class on the basis of race.

60. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings past

and future, lost earning capacity, emotional pain and suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

61. Defendant violated the Act willfully.

## THIRD CLAIM FOR RELIEF HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE DC HUMAN RIGHTS ACT

62. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-59.

63. The DCHRA prohibits discrimination in employment on the basis of race. *See* D.C. Code § 2-1402.11. As set forth more fully above, throughout the course of his employment at the GSK, Plaintiff suffered in a severe and pervasive hostile environment including adverse employment actions, which altered the conditions and terms of his employment.

64. Evidence of such hostile work environment, set out above, culminated in the discriminatory termination for an alleged misconduct.

65. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings past and future, lost earning capacity, emotional pain and suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

66. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's protected statutory rights.

## PRAYER FOR RELEIF

Wherefore, Plaintiff respectfully requests that this Court Award Plaintiff the following:

67. Declare that the Defendant's actions and omissions violated Plaintiff's rights under the District of Columbia Human Rights Act to be free from unlawful discrimination on the basis of race;

68. Award Plaintiff compensatory damages for his lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in an amount to be determined by the jury at trial;

69. Award Plaintiff full back pay and benefits;

70. Award Plaintiff front pay plus bonuses or expected salary increases;

71. Award Plaintiff punitive damages in an amount to be determined by a jury at trial;

72. Award Plaintiff reasonable attorney's fees and the costs of this action;

73. Award any other relief that this court deems appropriate to make Plaintiff whole.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:

Respectfully submitted,

Denise M. Clark (420480)
The Law Office of Denise M. Clark
1250 Connecticut Ave, N.W. Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Floyd Jones
307 Stony Hill Court
Fort Washington, Maryland 20741

## DEFENDANTS

Glaxo SmithKline, Inc.
1 Franklin Plaza
Philadelphia, PA 19101

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Denise M. Clark, Esq.
The Law Office of Denise M. Clark
1250 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
(202) 293-0015

ATTORNEYS (IF KNOWN)

Gonzalez, Saggio & Harlan, L.L.P.
H. Scott Johnson, Jr. (Of Counsel)
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
(202) 683-8929

Gonzalez, Saggio & Harlan, L.L.P.
Emery K. Harlan
Warren E. Buliox
225 East Michigan Avenue
Milwaukee, WI 53202
(414) 277-8500

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
- ☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. **Habeas Corpus/ 2255** | ⦿ H. **Employment Discrimination** | ○ I. **FOIA/PRIVACY ACT** | ○ J. **Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. **Labor/ERISA (non-employment)** | ○ L. **Other Civil Rights (non-employment)** | ○ M. **Contract** | ○ N. **Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ⦿ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiff filed this action alleging violations of the D.C. Human Rights Act. Defendant has removed this action pursuant to 28 USC §§ 1332 and 1446.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ Not specified  Check YES only if demanded in complain  JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE April 1, 2008    SIGNATURE OF ATTORNEY OF RECORD  *H. Scott Johnson, Jr.*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.