THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLOYD JONES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-00566 (RMC) |
| ) | |
| GLAXO SMITHLINE, INC. ) | |
| ) | |
| Defendant. ) | |

## MOTION TO REMAND

NOW COMES Plaintiff Floyd Jones, by his undersigned counsel, and hereby moves this Honorable Court to enter an Order remanding the above-captioned matter to the Superior Court of the District of Columbia, where is was originally filed, and awarding Plaintiff attorneys' fees and costs associated with this Motion.

Dated: May 1, 2008

Respectfully submitted,

    s// Denise M. Clark
Denise M. Clark (420480)
The Law Office of Denise M. Clark, PLLC
1250 Connecticut Ave, N.W.
Suite 200
Washington, D.C. 20036
P:(202) 293-0015/ F:(202) 293-0115
dmclark@benefitcounsel.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FLOYD JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00566 (RMC) |
| | ) | |
| | ) | |
| SMITHKLINE BEECHAM CORP. | ) | |
| d/b/a GLAXOSMITHKLINE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PLAINTIFFS' MOTION FOR REMAND AND COSTS**

Plaintiff, Floyd Jones, by his counsel, submits this Memorandum of Points and Authorities in Support of his Motion to Remand to the Superior Court of the District of Columbia, the above-captioned matter.

**INTRODUCTION**

This is a challenge to Defendant's, SmithKline Beecham d/b/a GlaxoSmithkline's[1] ("GSK" or "Defendant") unlawful employment discrimination against Plaintiff, Floyd Jones, ("Jones") based on his race (African American) in violation of the D.C. Human Rights Act ("DCHRA"), D.C. Code §2-1401.01 *et seq.* (2001 ed.). On June 19, 2006 Jones timely filed a formal administrative Complaint of Discrimination, Docket Number 06-307-P(CN). Compl. at

---

[1] Defendant's Notice of Removal indicates that the proper name of the corporation is SmithKline Beecham Corporation d/b/a Glaxo Smithkline. Plaintiff concedes that Defendant knows the proper name of the company, and therefore references the corporation's full name in the caption, but its doing business name in the body of this pleading.

¶48.  Thereafter, the Office of Human Rights ("OHR") assigned Plaintiff's complaint to an investigator, Ms. Tecora Martin.  *Id.*  A Letter of Determination finding no probable cause, dated June 11, 2007, was issued by the investigator.  Compl. at ¶49.  Subsequently on July 2, 2007, Jones timely submitted a Request for Reconsideration pursuant to 4 DCMR 719.  *Id.*  OHR issued a finding denying the reconsideration on September 4, 2007.  *Id.*  On March 6, 2008, Jones filed this Complaint in the Superior Court of the District of Columbia ("Superior Court").

On April 1, 2008, Defendant filed and served notice removing this action from the Superior Court to the United States District Court for the District of Columbia.[2]  Plaintiff moves to remand this matter back to the Superior Court for the following reasons: (1) Defendant has failed to prove that the matter in controversy exceeds the jurisdictional minimum necessary to assert diversity jurisdiction; and (2) the District of Columbia Court of Appeals has explicitly held that jurisdiction of this action lies with the Superior Court.

## STANDARD OF REVIEW

As a general rule, an action is removable to a federal court only if it might have been brought there originally.  *See* 28 U.S.C. §§ 1441(a).  The Supreme Court has stated several times that federal courts are courts of limited jurisdiction and "[t]hey possess only the power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)(citing, *Willy v. Coastal Corp.*, 503 US 131 (1992), and *Bender v. Williamsport Area School Dist.*, 475 U.S. 534(1986)).  The law presumes that "a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests with upon the party asserting jurisdiction."  *Kokkonen*, at 377, (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  Given the fact that removal subjugates a state court's jurisdiction, there is a

---

[2] On April 8, 2008, Defendant filed its Motion to Dismiss.  Plaintiff's response is due May 9, 2008.

presumption against removal. Consequently, when presented with a plaintiff's motion to remand, federal courts must strictly construe the federal removal statute and resolve all doubt in favor of remand. *See International Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West,* 366 F. Supp. 2d 33, 37 (D.D.C. 2005) (citing *Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 54 (D.D.C.2003).

The party seeking removal has the burden of proving the grounds necessary to support removal, including compliance with procedural requirements. *RWN Development Group, LLC v. Travelers Indemnity Company of Connecticut*, No. 07-1546, 2008 US Dist. Lexis 15177 (D.D.C. February 29, 2008), *see e.g. Int'l Union*, 366 F. Supp. 2d at 36.; *see also Phillips v. Corr. Corp. of Am.*, 407 F. Supp. 2d 18, 20 (D.D.C. 2005) (placing the burden of proving jurisdiction on the defendant when the plaintiff files a motion to remand). Either party may seek to remand a case, or the court may remand s*ua sponte*, if it so chooses. *See American Fire & Cas. Co. v. Finn*, 341U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand. *Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175(D.D.C. 2003), see *also*, *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002).

**ARGUMENT**

    **I.    REMAND IS APPROPRIATE BECAUSE DEFENDANT CANNOT PROVE TO A 'LEGAL CERTAINTY' THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

When a plaintiff to an action removed to federal court seeks remand of that action, the burden of proving the jurisdictional requirements is placed upon the defendant, the removing party. *Phillips v. Corr. Corp. of Am.*, 407 F. Supp. 2d 18, 20 (D.D.C. 2005). GSK has not met

the burden of proving that Jones' damages will exceed $75,000 and offers no support for its 'bare-bones' allegation of damages.

In order to file a complaint in the District of Columbia Superior Court, a plaintiff need only assert that the damages exceed $5,000. Jones has in good faith asserted only the jurisdictional minimum for Superior Court. GSK's sole allegation to the contrary is not enough to justify removal to federal court. GSK has asserted that removal to federal court is proper based on diversity jurisdiction pursuant to 28 U.S.C. §1332 and §1446. However, diversity jurisdiction under 28 U.S.C. §1332(a) requires that the amount in controversy exceed $75,000 exclusive of interest and costs. There are no facts asserted in Jones' Complaint or in GSK's Removal Notice supporting Defendant's allegation that, "the matter in controversy exceeds $75,000." *See* Defendant's Notice of Removal at ¶4.

Precedent set by this Court dictates that the GSK must provide evidence "to a legal certainty" that the amount in controversy exceeds $75,000, and absent any supporting evidence to substantiate the asserted value of those claims the claims are reduced to nothing more than speculation. *RWN Development Group, LLC v. Travelers Indemnity Company of Connecticut*, No. 07-1546, 2008 US Dist. Lexis 15177 (D.D.C. February 29, 2008). In *RWN Development Group*, the defendant removed the case to federal court based on diversity jurisdiction, despite plaintiff's complaint failure to specify any amount for damages. *Id*. The defendant argued that there were underlying lawsuits worth well over the jurisdictional amount in damages; and, therefore, the diversity jurisdictional requirement was met because the amount in controversy encompassed the entire value of the plaintiff's interest. *Id.* at 18. Despite the defendant's attempt to provide some support for this proposition, the Court still granted the plaintiff's motion for remand because the defendant failed to prove the amount to a legal certainty. *Id*. at 26. Here,

GSK has merely stated in its Notice of Removal that the amount exceeds $75,000, and offers no factual support for this proposition.

The 'legal certainty' test has grown out of Supreme Court precedent and sets forth the test for assessing a removing party's burden for proving diversity jurisdiction. The test presents two hurdles for GSK. First, the test requires that "the sum claimed by the plaintiff controls… unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *St. Paul Mercury Indemn. Co.,* 303 U.S. at 288-89 (1938). Additionally, the test requires that "when a plaintiff has alleged damages less than $75,000, and the defendant removes to federal court, the defendant must prove to a legal certainty that the plaintiff's claim must exceed [$75, 000]." *RWN Development Group*, No. 07-1546 (D.D.C.) citing *Saberton v. Sears Roebuck & Co.*, 392 F. Supp 2d 1358, 1360 (M.D. Fla. 2005) citing *Burns v. Windsor Ins. Co.,* 31 F. 3d 1092, 1095 (11th Cir. 1994).

The legal certainty test demonstrates that "while a defendant [has] a right, given by statute, to remove in certain situations, [the] plaintiffs [are] still the master of [their] domain." *Saberton,* 392 F. Supp 2d at 1360. Here Defendants cannot prove to a 'legal certainty' that the amount in controversy exceeds $75,000.

II.  **THE D.C. COURT OF APPEALS HAS EXPRESSLY DETERMINED THAT JURISDICTION OVER THIS MATTER RESTS WITH THE SUPERIOR COURT; THEREFORE, THIS COURT LACKS JURISDICTION TO RENDER A DECISION, AND MUST REMAND TO SUPERIOR COURT.**

By statute, removal is permitted only when the federal court would have had original jurisdiction of the action had the plaintiff brought it in federal rather than state court. Even if this Court finds that there is diversity jurisdiction, which Plaintiff contests, the Court must remand this case because this Court does not have original jurisdiction. The jurisdiction of the United

States District Court and the District of Columbia Office of Human Rights (OHR) are mutually exclusive. *Weiss v. International Bhd. of Elec. Workers*, 729 F. Supp. 144, 1990 U.S. Dist. LEXIS 902 (D.D.C. 1990).

Ironically, the case upon which GSK grounds its Motion to Dismiss directly contradicts its very argument for removal to federal court. Defendant cites *Simpson v. District of Columbia Office of Human Rights*, 597 A.2d 392 (D.C. 1991) for the proposition that a decision by the Office of Human Rights properly disposes of a claimant's action thereby leaving a claimant with no further judicial recourse beyond appeal. *See* Def.'s Memorandum of Points and Authorities In Support of its Motion to Dismiss, at p. 6, filed April 8, 2008. Much like the plaintiff in *Simpson*, Jones was not granted a hearing or a 'decision' by OHR but merely issued a 'finding' of no probable cause. Jones was issued a letter of determination by an OHR Investigator. Compl. at ¶ 50, *see e.g.,* Def.'s Memorandum of Points and Authorities In Support of its Motion to Dismiss, p. 2-3, filed April 8, 2008.

The District of Columbia Court of Appeals has explicitly held that a finding by the Office of Human Rights is, "*not* an agency decision." *Simpson*, 597 A.2d 392 at 397. Indeed, in *Simpson* the Court of Appeals goes on to say that "in a 'contested case' in which a 'trial-type' hearing is required such a finding [of no probable cause] is not reviewable in this court." *Id*. The Court of Appeals explicitly stated that a petitioner's only recourse is a civil action in the Superior Court, and that the dismissal was without prejudice to the filing of such an action. *Id*., *citing*, *Lamont v. Rogers*, 479 A.2d 1274, 1276-78 (D.C. 1984) (Plaintiff's complaint alleging retaliation and gender discrimination violations under the DCHRA was dismissed without prejudice to the filing of a civil action in the Superior Court). The Court further clarified that the *Lamont* decision "strongly suggested that review in that [Superior] court is available." *Id*.

6

Clearly, *Simpson* and *Lamont* demonstrate that the case law of the District of Columbia require that this case be remanded back to the Superior Court of the District of Columbia.

### III. THE STATUTORY LANGUAGE GOVERNING REMOVAL AND THAT REMOVABILITY IS BASED ON WELL-SETTLED LAW OF DIVERSITY JURISDICTION AND AN AMOUNT EXCEEDING $75,000, THE COURT SHOULD AWARD ATTORNEY'S FEES FOR THIS ACTION

28 U.S.C.S. § 1447(c) provides that, "[i]f at any time it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." This language provides that attorneys' fees are available to a plaintiff who successfully resists a removal, even when there is no finding of "bad faith" by the removing defendant. In the District of Columbia, this court has the discretion to exercise the imposition of costs and fees in a removal action. *Weigert v. Georgetown University*, 43 F. Supp 2d 5, 7 (D.D.C. 1999). Should the Court grant this Motion for Remand, attorney's fees should be awarded because "courts have uniformly held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court." *Johnson-Brown v. 2200 M Street LLC*, 257 F. Supp. 2d 175 (D.D.C. 2003). *See e.g. Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410-411 (7th Cir. 2000). The "legal certainty" test that was established by the Supreme Court in *St. Paul Mercury Indem. Co. v. Red Cab Co* in 1938 remains precedential and the diversity jurisdiction statutory requirement is well-established civil procedure that every attorney learns in first year law school. GSK's mere assertion that the amount in controversy exceeds $75,000, with no factual support for this claim, is arguably suspect and demonstrates that GSK can do no more than summarily contradict well-settled

7

procedural precedent. Therefore, Defendant's cursory non-factual argument for removal merits both remand, and an award of Plaintiff's expenses, costs, and attorneys' fees.

**CONCLUSION**

For all of the reasons set forth above, Plaintiff, Floyd Jones respectfully requests that this Court grant his Motion to Remand this matter to the District of Columbia Superior Court, where it commenced, and award attorneys' fees and costs.

Dated: May 1, 2008

Respectfully submitted,

s// Denise M. Clark
Denise M. Clark (420480)
The Law Office of Denise M. Clark, PLLC
1250 Connecticut Ave, N.W.
Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FLOYD JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-cv-00566 (RMC) |
| | ) | |
| GLAXO SMITHLINE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, having filed a Motion to Remand the above-captioned matter to the Superior Court of the District of Columbia, and this Court finding that Plaintiff has demonstrated that this Court does not have jurisdiction to consider the merits of this case; and finding good cause shown, hereby

**ORDERS** that the above-captioned matter be remanded to the Superior Court of the District of Columbia and Orders, upon petition Plaintiff's counsel, an award of attorneys' fees and costs Plaintiff incurred in connection with the Motion to Remand.

So Ordered this _____ day of _____, 2008.

_____
Rosemary Collyer, U.S. District Court Judge