UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FLOYD JONES,**

      **Plaintiff,**

v.

**GLAXO SMITHKLINE, INC.,**

      **Defendant.**

Case No. 1:08-cv-00566 (RMC)

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND COSTS

Defendant SmithKline Beecham Corporation (incorrectly identified as Glaxo SmithKline, Inc. and hereafter referred to as "Defendant"), by way of undersigned counsel, hereby provides as follows in support of its Opposition to Plaintiff's Motion For Remand and Costs (the "Motion").

### PRELIMINARY STATEMENT

In his Memorandum of Points and Authorities (the "Memorandum"), Plaintiff Floyd Jones ("Plaintiff") relies on two flawed legal theories to support his Motion to remand the above-captioned action back to the Superior Court for the District of Columbia (the "Superior Court"). First, Plaintiff argues that Defendant has failed to prove that the matter in controversy exceeds the jurisdictional minimum necessary to assert diversity jurisdiction. Second, Plaintiff contends that this Court does not have "original jurisdiction," because the Superior Court has exclusive jurisdiction over claims filed under the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401 *et seq.* (2001 ed.). Alleging that Defendant's Notice of Removal ("Removal

Notice") contradicts "well-established civil procedure that every attorney learns in first year law school," Plaintiff seeks an award of his expenses, costs, and attorneys' fees.

Plaintiff's proffered bases for remand are completely counter to well-established tenants of civil procedure. Indeed, Defendant's Removal Notice contained the "short and plain statement of the grounds for removal" required by 28 U.S.C. § 1446. To the extent there is any issue as to whether the amount in controversy exceeds $75,000 (and Plaintiff **does not** take the position in his Memorandum that the amount in controversy is less than $75,000), such issue is resolved by the Complaint and the Declaration of Mary Kate Harkins (filed separately under seal).[1] Moreover, a federal court's jurisdiction in a diversity case is "original jurisdiction" that cannot be limited by state law.

Accordingly, as is detailed more fully below, Plaintiff's Motion must be denied and the Court should not award Plaintiff any expenses, costs, or attorneys' fees relating to the removal of this action.

## BACKGROUND

This action arises out of Plaintiff's employment with Defendant, which commenced on June 25, 1995 and concluded upon Plaintiff's termination on March 31, 2006. (Complaint ("Compl.") at ¶¶ 7-8.) Plaintiff alleges that Defendant engaged in unlawful employment discrimination in violation of the DCHRA.[2] Id. at ¶ 1. For these alleged violations, Plaintiff seeks to recover a panoply of damages including: compensatory damages ("for his lost earning

---

[1] Concurrent with the filing of this Opposition, Defendant has filed a Motion to File Documents Under Seal, requesting that the Court seal the Declaration of Mary Kate Harkins and the exhibits thereto. Therefore, in accordance with Local Rule 5(j) and Local Rules Supplement II(H), Defendant has filed Ms. Harkins' Declaration and its exhibits separately with the Clerk's Office pending this Court's resolution of Defendant's Motion to File Documents Under Seal.

[2] Plaintiff alleges "disparate treatment" under the Act for his first claim of relief, "disparate impact" under the Act for his second claim of relief, and hostile work environment under the Act for his third claim of relief. (Compl. at ¶¶ 51-66.)

capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life"), full back pay and benefits, front pay plus bonuses or expected salary increases, and reasonable attorney's fees.[3] (Id. at ¶¶ 68-73.)

On April 1, 2008, Defendant removed this action from the Superior Court on the basis of diversity jurisdiction. In a desperate attempt to return his case to the Superior Court, Plaintiff has filed the instant challenge which, in light of the applicable law and the record at hand, has no legal merit.

### ARGUMENT

**I. PLAINTIFF'S MOTION FOR REMAND AND COSTS MUST BE DENIED AS THIS COURT HAS JURISDICTION OVER THIS ACTION.**

As demonstrated in its Removal Notice, this case is properly before this Court on the basis of diversity jurisdiction. Under 28 U.S.C. § 1441, "any civil action brought in a State court" may be removed by the defendant if "the district courts of the United States have original jurisdiction." It is well established that "original jurisdiction" will extend to a district court in two instances. See 28 U.S.C. §§ 1331-1332. A district court will have "original jurisdiction" if an action involves a federal question or if complete diversity of citizenship exists. Id.

Pursuant to 28 U.S.C. § 1332(a), diversity of citizenship will exist if the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000. As sufficiently detailed in its Removal Notice -- which only required that Defendant provide "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a) -- these requisite

---

[3] Prior to filing this action, Plaintiff first pursued administrative relief by filing a complaint of discrimination with the District of Columbia Office of Human Rights ("OHR"). (Compl. at ¶ 49.) OHR conducted an investigation of Plaintiff's allegations and dismissed Plaintiff's administrative complaint after finding "no probable cause." (Id. at ¶ 50.) Plaintiff sought reconsideration of OHR's determination and OHR issued an order denying Plaintiff's request for reconsideration on September 4, 2007. (Id.)

elements are satisfied in the case at hand. Accordingly, this Court has original jurisdiction and this action is properly before this Court.

      **A.**      **Plaintiff Does Not Dispute That The Matter in Controversy Exceeds $75,000.**

In his Memorandum, Plaintiff states that Defendant has not adequately demonstrated that the matter in controversy exceeds the jurisdictional minimum for diversity. Significantly, however, Plaintiff **never** disputes Defendant's contention that the matter in controversy exceeds $75,000. In both his Complaint and his Memorandum, Plaintiff artfully skirts the true value of the damages he seeks for his alleged claims.

Plaintiff's failure to affirmatively take the position that he seeks less than $75,000 in damages from Defendant is not an oversight. As detailed herein, Plaintiff's silence is due to the unquestionable fact that the matter in controversy clearly exceeds the minimum required for diversity jurisdiction.

      **B.**      **The Matter In Controversy Well Exceeds $75,000.**

As a general rule, when ascertaining whether the matter in controversy requirement is satisfied, courts look to the complaint. See, e.g., Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961)(noting that "the general federal rule has long been to decide what the amount-in-controversy is from the complaint itself"). In addition to the complaint, courts may look at the petition for removal and other evidence to determine whether the amount-in-controversy exceeded the jurisdictional requirement at the time the complaint was filed. For instance, where, as here, the amount of damages sought in the Complaint is not "facially apparent," courts look to "the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir.

2001); see also Willingham v. Morgan, 395 U.S. 402, 407 n. 3 (1969)(considering affidavits filed after the petition for removal was filed to determine whether removal was proper).

In instances, such as in the case at hand, where "the [P]laintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."[4] Williams, 269 F.3d at 1319 (11th Cir. 2001); also see McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (stating that if a party challenges jurisdictional facts, then the party alleging jurisdiction must demonstrate that jurisdiction is proper by a preponderance of the evidence"); Gafford v. General Elec. Co., 997 F.2d 150,160 (6th Cir.1993) (stating that the "legal certainty" test only arose in a case where the plaintiff's demand exceeded the jurisdictional amount and finding that the "preponderance of the evidence" standard applies when the damages sought are unspecified).

Review of the damages sought by Plaintiff in his Complaint shows that the matter in controversy far exceeds $75,000. Nonetheless, Plaintiff argues in his Memorandum that "[t]here are no facts asserted in Jones' Complaint or in GSK's Removal Notice supporting Defendant's allegation that, 'the matter in controversy exceeds $75,000.'" (Memorandum at 4.) Plaintiff's position in this regard is grossly inaccurate as it completely, and conveniently, ignores the very relief sought in his Complaint. While it is clear that Plaintiff's Complaint does not allege a specific dollar amount for damages, it is equally clear that Plaintiff's Complaint contains very specific and quantifiable claims for relief. Particularly, Plaintiff's Complaint unequivocally seeks relief for "full back pay and benefits." (Compl. at ¶ 69).

---

[4] Plaintiff mistakenly relies on RWN Development Group, LLC v. Travelers Indemnity Co. of Connecticut, 2008 WL 54383, at *6 (D.D.C. 2008) for the proposition that Defendant must establish by a "legal certainty" that the amount in controversy exceeds $75,000. (Memorandum at 3-5.) However, the "legal certainty" test only applies in instances where the complaint articulates damages less than $75,000. See RWN Development Group, LLC at 6 (stating that the legal certainty test applies "*when* a plaintiff actually seeks an amount less than the jurisdictional threshold . . .")(emphasis added.). Whether under the preponderance of the evidence or the legal certainty standard, the record establishes that the amount in controversy exceeds $75,000.

The "full back pay and benefits" sought by Plaintiff in his Complaint contemplates nearly two (2) years of back pay and benefits. (Compl. at ¶ 69).[5] Based on his salary in the years immediately preceding his discharge from Defendant, *the back pay component of Plaintiff's damages alone would place the matter in controversy well above $75,000.*

Indeed, in 2004, as a Senior Executive Account Manager for Defendant, Plaintiff received over $146,000 in cash compensation from Defendant, including $101,577 in salary, $25,716 in incentive compensation and $19,011 in other prizes and awards. (See Declaration of Mary Kate Harkins ("Harkins Dec."), filed separately under seal, at ¶ 4.) In 2005, Plaintiff received over $115,000 in cash compensation from Defendant, including $100,387 in salary and $14,637 in incentive compensation. (Id.) At the time of his termination, in March 2006, Plaintiff's salary was $101,640. (Id.) In addition to cash compensation, Plaintiff received annual benefits (including medical and life insurance, 401(k) contributions, etc.) throughout his employment with Defendant. (Id. at ¶ 5.)

Plaintiff's annual salary alone (without considering any incentive pay, prizes and awards and any future increases in salary) places him above $200,000 in back pay and thus well above the jurisdictional requirement. This figure significantly increases if, as Plaintiff maintains in his Complaint, his "full back pay and benefits" are taken into account. Further, when coupled with his other requests for relief (*e.g.,* "compensatory damages," "front pay plus bonuses or expected salary increases," "punitive damages" and "reasonable attorney's fees and costs"), it is clear that the matter in controversy far exceeds the jurisdictional threshold. See Galdamez v. Xerox Corporation, 2005 WL 486161, at *6 n.7 (D.D.C. 2005) (pausing to note that the amount of controversy requirement was met even though the complaint did not request relief in a specific

---

[5] Plaintiff was terminated from his employment on March 31, 2006 and filed his Complaint on March 6, 2008.

dollar amount when the plaintiff sought relief for, among other things, loss of "valuable income and benefits of employment" in excess of $75,000); see also Griffin v. Coastal Intern. Security, Inc., 2007 WL 1601717, at *3 (D.D.C. 2007) (holding that in DCHRA actions attorney fees count toward the amount in controversy requirement since the DCHRA "specifically provides for the payment of reasonable attorneys fees to a successful plaintiff"); Nwachukwu v. Karl, 223 F.Supp.2d 60, 66 (D.D.C. 2002) ("Punitive damages are properly considered as part of the amount in controversy.").

In light of all of the above, it is clear that Defendant has shown by a preponderance of the evidence and to a legal certainty that the amount-in-controversy is met. Accordingly, Defendant's removal was proper and Plaintiff's Motion to Remand should be denied.[6]

### C. This Court's Has Jurisdiction Over Plaintiff's DCHRA Claims.

In a convoluted argument that is contrary to well-established tenants of law, Plaintiff argues in his Memorandum that remand is appropriate as this Court lacks jurisdiction to hear Plaintiff's DCHRA claims. (Memorandum at 5.) With little regard for legal precedent, Plaintiff argues that "[e]ven if this Court finds that there is diversity jurisdiction, . . . the Court must remand this case because this Court does not have original jurisdiction." (Id.) Astonishingly, Plaintiff believes that the District of Columbia Court of Appeals can determine the jurisdiction of a federal tribunal. (Id. at 5-6.) Plaintiff's position is wholly without merit.

---

[6] In the event this Court concludes that Defendant's Removal Notice fails to establish that the matter in controversy exceeds $75,000, Defendant respectfully requests that this Court provide it with leave to amend its Removal Notice under 28 U.S.C. § 1653. Further, should the Court find that the Complaint, by virtue of Plaintiff's back pay claims, does not seek relief in excess of $75,000, Defendant respectfully requests that it be allowed to engage in limited discovery for the purpose of clarifying some of the damages sought by Plaintiff in his Complaint. See Nwachukwu v. Karl, 223 F.Supp.2d at n.3 (after noting that the plaintiff could recover punitive damages and that the amount of those damages was not readily ascertainable, limited discovery was permissible "so that the court [could] determine the viability of the punitive damages claim and thereby ascertain for certain whether it has jurisdiction over the case").

Under 28 U.S.C. § 1441, "*any* civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added). The federal removal statute is not limited to federal question jurisdiction but also extends to actions in which original jurisdiction exists on the basis of diversity of citizenship. Kopff v. World Research Group, LLC, 298 F.Supp.2d 50, 53 (D.D.C. 2003). If a party is able to meet the requirements set forth in 28 U.S.C. § 1332, "the district courts shall have original jurisdiction." 28 U.S.C. § 1332; Kopff, 298 F.Supp.2d at 53. As detailed above, Defendant has demonstrated that each of the requisite elements for diversity jurisdiction is satisfied. Accordingly, this Court has original jurisdiction over the above-captioned action.

### 1.   State law cannot deprive this Court of its original jurisdiction.

Plaintiff cites to the cases of Lamont v. Rogers, 479 A.2d 1274, 1276-78 (D.C. 1984), and Simpson v. District of Columbia Office of Human Rights, 597 A.2d 392 (D.C. 1991), to support his proposition that DCHRA actions must be pursued in the Superior Court.[7] However, contrary to Plaintiff's argument, neither state law nor the District of Columbia Court of Appeals can deprive this Court of its jurisdiction. Dist. of Columbia v. Transamerica Ins. Co., 797 F.2d 1041, 1045 (D.C. Cir., 1986). Indeed, a federal court's original jurisdiction in a diversity case is not subject to any explicit or implied exceptions; nor can a statute limited in application to the District of Columbia affect a federal court's jurisdiction. Eckert v. Fitzgerald, 550 F.Supp. 88, 89-

---

[7] In fact, the DCHRA does not state that the Superior Court is the exclusive forum for a plaintiff to file an action based on alleged violations under the statute. See D.C. Code § 2-1403.16(a). Instead, the DCHRA simply states that a plaintiff, who has not filed an administrative complaint with OHR, "shall have a cause of action in *any court of competent jurisdiction*." Certainly, the United States District Court for the District of Columbia qualifies as a "competent court." Id. (emphasis added.)

90 (D.D.C. 1982). Whether the state law that provides for state court jurisdiction is couched in permissive or mandatory terms, the jurisdiction of the federal court will not be affected. <u>Dist. of Columbia v. Transamerica Ins. Co.</u>, 797 F.2d at 1045; see <u>Eckert</u>, 550 F.Supp. at 90 (holding that the Court had jurisdiction over an ejectment proceeding despite a District of Columbia statute providing that such actions may be brought in the Superior Court);[8] see <u>Driggs Co. v. Ranger Construction Co.</u>, 394 F. Supp. 801, 802 (D.D.C. 1974) (holding that a District of Columbia statute providing that a suit should be brought in the Superior Court did not deprive the District Court of diversity jurisdiction).[9]

In <u>Transamerica Ins. Co.</u>, the plaintiff filed a diversity action in federal court seeking damages for the defendant's violation of D.C. Code §§ 1-1104 - 1-1107 (the "Little Miller Act"). After losing at trial, the defendant raised four jurisdictional defenses on appeal. *Inter alia*, the defendant contended that the court lacked jurisdiction, as the Little Miller Act provided that suits brought under it "shall" be brought in Superior Court.

The District of Columbia Circuit affirmed the judgment of the district court and held that diversity jurisdiction was proper. In so holding, the court concluded that the Little Miller Act's mandate that claims brought under it be filed in the Superior Court was not enough to defeat diversity jurisdiction. 797 F.2d at 1045. The court stated that "to allow such linguistic variation in state laws to have any effect would grant the states power to determine the federal courts' docket." <u>Id.</u>

---

[8] In <u>Eckert</u>, the District of Columbia statute at issue provided "[w]henever a lease for any definite term shall expire, or any tenancy shall be terminated . . . and the tenant shall fail or refuse to surrender possession of the leased premises, the landlord may bring an action of ejectment to recover possession in the Superior Court of the District of Columbia." <u>See</u> D.C. Code § 45-1410 (1981 ed.).

[9] In <u>Driggs</u>, the District of Columbia statute at issue provided that every suit instituted under the District of Columbia's materialman statute "shall be brought in the name of the District of Columbia for the use of the person suing, in the Superior Court of the District of Columbia . . ." <u>See</u> D.C. Code § 1-804(b)(b)(1973).

As established in Transamerica Ins. Co., Driggs and Eckert, this court's jurisdiction is not affected by a District of Columbia statute or state court case law. Instead, diversity jurisdiction arises from Article III of the United States Constitution and is an independent basis for federal jurisdiction regardless of whether federal law is involved. Kopff, 298 F. Supp.2d at 55. As Defendant has satisfied the requisite elements for diversity jurisdiction pursuant to 28 U.S.C. § 1332, this case is properly before this Court. Accordingly, Plaintiff's Motion must be denied.

**D.  Even Assuming, Arguendo, That This Court Decides That Remand Is Required, Plaintiff Is Not Entitled To Recover Any Attorneys' Fees Or Costs.**

Plaintiff argues that he is entitled to attorney's fees and costs incurred as a result of Defendant's alleged improper removal of this action. (Memorandum at 7.) The authority of this Court to grant Plaintiff's request lies within its discretion. See 28 U.S.C. § 1447(c). The award of attorney's fees and costs on remand is usually appropriate only when the nonremovability of the action is obvious. Ibrahim v. 1417 N. Street Assoc., 950 F.Supp. 406, 408 (D.D.C. 1997). In the absence of evidence of either a frivolous filing or bad faith, Plaintiff's request should be denied. Id.

If Plaintiff's Motion is granted, he is certainly not entitled to any attorney's fees or costs incurred with respect to the removal of this action. Plaintiff has not proffered any evidence to support the notion that Defendant's filing was either frivolous or made in bad faith. To the contrary, as demonstrated by this Opposition, Defendant's removal of this action was grounded in the record of this case and its belief that the matter in controversy far exceeded the jurisdictional minimum. Accordingly, Plaintiff's request should be denied.

**CONCLUSION**

      For the reasons stated herein, Defendant requests that this Court deny Plaintiff's Motion for Remand and deny Plaintiff's request for attorney's fees and costs.

Dated this 22nd day of May, 2008.      Respectfully submitted,

                                               /s/ H. Scott Johnson, Jr.
                                  Gonzalez, Saggio & Harlan, L.L.P.
                                  H. Scott Johnson, Jr., *Of Counsel*
                                     D.C. Bar No. 464415
                                  1200 G Street, N.W., Suite 800
                                  Washington, D.C. 20005
                                  (202) 683-8929

                                  Gonzalez, Saggio & Harlan, L.L.P.
                                  Emery K. Harlan
                                     (Not admitted in the District of Columbia)
                                  Warren E. Buliox
                                     (Not admitted in the District of Columbia)
                                  225 East Michigan Avenue
                                  Milwaukee, WI 53202
                                  (414) 277-8500

                                  *Counsel for Defendant SmithKline Beecham Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on May 22, 2008, a copy of the foregoing Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Costs was served by electronic mail and via CM/ECF upon:

>Denise M. Clark, Esq.
>The Law Office of Denise M. Clark
>1250 Connecticut Avenue, N.W., Suite 200
>Washington, D.C. 20036
>dmclark@benefitcounsel.com
>
>*Counsel for Plaintiff Floyd Jones*

       /s/ H. Scott Johnson, Jr.
    H. Scott Johnson, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FLOYD JONES,**

      **Plaintiff,**

**v.**

**GLAXO SMITHKLINE, INC.,**

      **Defendant.**

Case No. 1:08-cv-00566 (RMC)

## ORDER

THIS MATTER came before the Court on Plaintiff's Motion For Remand and Costs. Upon consideration of Plaintiff's Motion, and Defendant's Opposition, it is hereby

**ORDERED** that Plaintiff's Motion For Remand be and hereby is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion For Costs be and hereby is **DENIED** and that Plaintiff shall not be awarded its attorney's fees or costs incurred as a result of Defendant's removal.

**SO ORDERED.**

ENTERED this _____ day of _____, 2008.

_____
Rosemary M. Collyer
United States District Judge

2

Copies to:

H. Scott Johnson, Jr., Esq.
Gonzalez, Saggio & Harlan, L.L.P.
1200 G Street, N.W., Suite 800
Washington, D.C. 20005

and

Emery K. Harlan, Esq.
Warren E. Buliox, Esq.
Gonzalez, Saggio & Harlan, L.L.P.
225 East Michigan Avenue
Milwaukee, WI 53202

and

Denise M. Clark, Esq.
The Law Office of Denise M. Clark
1250 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036