UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FLOYD JONES,**

        **Plaintiff,**

**v.**

**GLAXO SMITHKLINE, INC.,**

        **Defendant.**

Case No. 1:08-cv-00566 (RMC)

**DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Rule 5.1(j) of the United States District Court for the District of Columbia, Defendant SmithKline Beecham Corporation ("Defendant"), by way of undersigned counsel, respectfully moves this Court for an Order allowing it to file under seal the Declaration of Mary Kate Harkins and the exhibits thereto (collectively, the "Confidential Documents"), which are attached to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Costs (the "Opposition").[1] In support of this Motion, Defendant states as follows:

**INTRODUCTION**

This action arises from Plaintiff Floyd Jones' ("Plaintiff") allegation that Defendant engaged in unlawful employment discrimination in violation of the District of Columbia Human Rights Act. On April 1, 2008, Defendant removed this action from the Superior Court for the District of Columbia on the basis of diversity jurisdiction. On May

---

[1] In accordance with Local Rule 5(j) and Local Rules Supplement II(H), Defendant has filed a paper version of the Confidential Documents with the Clerk's Office.

1, 2008, Plaintiff filed a Motion For Remand and Costs (the "Remand Motion") on the basis that Defendant purportedly failed to establish in its Notice of Removal that the matter in controversy exceeds the requisite minimum to confer diversity jurisdiction upon this Court.

In response to Plaintiff's Remand Motion, Defendant has filed the Opposition and, in support thereof, attached the Confidential Documents, which contain confidential and proprietary information relating to Plaintiff's compensation during the tenure of his employment with Defendant. Although the Confidential Documents firmly establish that the matter in controversy exceeds $75,000 -- the minimum required for this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a) -- they contain highly sensitive and proprietary information that, if disclosed, could harm Defendant's business interests.

Accordingly, in light of the potential harm to Defendant and the lack of public interest in the information contained in the Confidential Documents, Defendant's Motion should be granted.

## ARGUMENT

**I.  DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL SHOULD BE GRANTED.**

### A. Legal Standard

The District of Columbia Circuit has established a six-part balancing test for determining whether documents should be sealed from public access. <u>Willingham v. Ashcroft</u>, 355 F.Supp.2d 390, 391 (D.D.C., 2005). These factors are: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy

interests involved; (5) the possibility of prejudice to those opposing disclosure; and, (6) the purposes for which the documents were introduced. United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir., 1980). The decision as to whether documents should be sealed is left to the discretion of the trial court and should be exercised "in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978). However, should a court find that there is little need for public access to the documents at issue and that public disclosure would prove detrimental to a party's business interests, then the sealing of such documents is appropriate. See State of New York v. Microsoft Corp., Civil Action No. 98-1233 (D. D.C. 5/8/2002)(D.D.C., 2002)(holding that the release of confidential business information would prove detrimental to Microsoft's competitive standing).

      B.    **The Sealing of the Confidential Documents is Necessary to Protect Defendant's Business Interests.**

Defendant's Motion to file the Confidential Documents under seal should be granted to protect Defendant's substantial business interests. Indeed, the Confidential Documents consist of detailed, non-public information regarding the compensation history of Plaintiff during the tenure of his employment with Defendant including the formulation of his salary structure, benefits, and incentive compensation. Defendant's compensation system is confidential, proprietary, and has significant value to Defendant, which is not generally known to the public or Defendant's competitors. In order to protect its business interests and maintain a competitive advantage over its competitors, Defendant takes great care in preserving the confidentiality of the information contained in the Confidential Documents.

Under the six-part balancing test set forth in <u>United States v. Hubbard</u>, 650 F.2d at 317-322, it is clear that sealing the Confidential Documents is proper. There isn't a "need" for public access to the information contained in the Confidential Documents. Additionally, Defendant has a substantial privacy interest in the Confidential Documents in that they contain sensitive business information that helps Defendant maintain its competitive advantage. Moreover, as the Confidential Documents do not relate to the allegations underlying any of Plaintiff's causes of action, Plaintiff will not be prejudiced if the Confidential Documents are sealed. And, the Confidential Documents were introduced for the sole purpose of establishing that the matter in controversy exceeds the requisite minimum for diversity jurisdiction.

Accordingly, for the foregoing reasons, Defendant respectfully requests that the Court grant its Motion permitting it to file the Confidential Documents under seal.

Dated this 22nd day of May, 2008.                    Respectfully submitted,

                                                            /s/ H. Scott Johnson, Jr.
Gonzalez, Saggio & Harlan, L.L.P.
H. Scott Johnson, Jr., *Of Counsel*
  D.C. Bar No. 464415
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
(202) 683-8929

Gonzalez, Saggio & Harlan, L.L.P.
Emery K. Harlan
  (Not admitted in the District of Columbia)
Warren E. Buliox
  (Not admitted in the District of Columbia)
225 East Michigan Avenue
Milwaukee, WI 53202
(414) 277-8500

*Counsel for Defendant SmithKline Beecham Corporation*

4

**CERTIFICATE OF SERVICE**

I certify that on May 22, 2008, a copy of the foregoing Defendant's Motion to File Documents Under Seal was served by electronic mail and via CM/ECF upon the following:

>Denise M. Clark, Esq.
>The Law Office of Denise M. Clark
>1250 Connecticut Avenue, N.W., Suite 200
>Washington, D.C. 20036
>dmclark@benefitcounsel.com
>
>*Counsel for Plaintiff Floyd Jones*

        /s/ H. Scott Johnson, Jr.
    H. Scott Johnson, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FLOYD JONES,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**GLAXO SMITHKLINE, INC.,**<br><br>    **Defendant.** | Case No. 1:08-cv-00566 (RMC) |

## ORDER

THIS MATTER came before the Court on Defendant's Motion to File Documents Under Seal. Upon consideration of Defendant's Motion and finding good cause shown, it is hereby

**ORDERED** that Defendant's Motion to File Documents Under Seal be and hereby is **GRANTED**; and it is further

**ORDERED** that the Declaration of Mary Kate Harkins and the exhibits attached thereto be and hereby are sealed.

**SO ORDERED.**

ENTERED this _____ day of _____, 2008.

_____
Rosemary M. Collyer
United States District Judge

Copies to:

H. Scott Johnson, Jr., Esq.
Gonzalez, Saggio & Harlan, L.L.P.
1200 G Street, N.W., Suite 800
Washington, D.C. 20005

and

Emery K. Harlan, Esq.
Warren E. Buliox, Esq.
Gonzalez, Saggio & Harlan, L.L.P.
225 East Michigan Avenue
Milwaukee, WI 53202

and

Denise M. Clark, Esq.
The Law Office of Denise M. Clark
1250 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036