THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FLOYD JONES | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 1:08-cv-00566 (RMC) |
| SMITHKLINE BEECHAM CORP. d/b/a GLAXOSMITHKLINE | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Floyd Jones, ("Plaintiff" or "Jones") in Reply to Defendant's, Smithkline Beecham, Inc., ("Defendant" or "GSK") Memorandum in Opposition to Plaintiff's Motion to Remand, submits the following:

**ARGUMENT**

**Defendant Has Not Met Its Jurisdictional Burden Under The FRCP**

The issue this Court must decide is whether Defendant's removal notice and Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand ("Reply Memorandum") have established that diversity jurisdiction exists in this case. As a matter of law however, Defendant fails to prove the minimum threshold necessary for diversity jurisdiction and removal to this Court. Defendant cannot demonstrate to a *legal certainty* that the amount in controversy exceeds $75,000. Despite clearly established District of Columbia legal precedent stating otherwise, Defendant cites non-binding circuit case law to argue that its burden of proof is far lower than that already established by this Court.

In seeking to remand this removal action, Plaintiff has already laid out the legal and evidentiary hurdles that Defendant must confront in order to maintain a removal action despite clear statutory and precedential support favoring remand.  *See Plaintiff's Memorandum of Points and Authorities in Support of its Motion to Remand*, p. 6.  The test requires that "when a plaintiff has alleged damages less than $75,000 and the defendant removes to federal court, the defendant must prove to a legal certainty that the plaintiff's claim must exceed [$75,000].  *RWN Development Group, LLC v. Travelers Indemnity Company of Connecticut*, No. 07-1546, 2008 U.S. Dist. Lexis 15177 (D.D.C. February 29, 2008) citing *Saberton v. Sears Roebuck &Co.*, 392 F.Supp 2d 1358, 1360 (M.D. Fla. 2005).  Defendant's affidavit that Jones earned over $75,000 during one year of employment with his former employer is not enough to meet this heavy burden.  *See Defendant's Memorandum in Opposition*, p. 6.  Nor is the assertion that by requesting full back pay and benefits in his Complaint, Plaintiff has somehow implicitly plead that he is owed the jurisdictional minimum.  *See Id.*  Defendant fails entirely to consider other issues which accompany a damages calculus, such as an employee's duty to mitigate his compensatory damages.  Instead, Defendant boldly asserts that the amount in controversy is $200,000, a number that Plaintiff has never asserted nor claimed.  *See Id*.

Defendant seeks to lock Plaintiff into an exact number for damages so that GSK may limit Plaintiff's recovery before discovery has even taken place.  The vehicle for pursuing this objective is its removal action as is evidenced by Defendant's Memorandum in Opposition and insistence that Plaintiff claim an award amount.  The purpose of removal is to safeguard a non-citizen of a forum state from in-state bias against a non-citizen and is not meant as a tool of the defense to limit its own damages liability.  *Douglas Energy of NY, Inc.  v. Mobil Oil, Inc*, 585 F.Supp. 545, 548 (D. Kan. 1984) ("It is a familiar notion that Congress has created diversity

jurisdiction and the right of removal…for the purpose of protecting out-of-state litigants from local prejudice"). The Federal Rules dictate that courts must, "grant all the relief which the prevailing party is entitled, whether or not such relief was requested in the pleadings. Pleadings serve as guides to the nature of the case, but the lawsuit is ultimately measured by what is pleaded and proven, not merely by what was demanded." Fed. R. Civ. P. 54(c). Plaintiff has continually affirmed that he has plead that the amount in controversy does not exceed $75,000 and therefore must be remanded to state court for lack of federal jurisdiction. *See Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Remand and Costs*, p. 4.

Defendant has also failed to contend with the high standard of review that federal courts must "strictly construe" the federal removal statute and resolve all doubt in favor of remand. *International Union of Bricklayers & Allied Craftsworkers*, 366 F. Supp. 2d 33, 37 (D.D.C. 2005). Throughout its Reply Memorandum, Defendant demands that Plaintiff must assert an amount in controversy. *See Memorandum*, p. 4 ("Plaintiff's failure to take the position that he seeks less than $75,000 in damages from Defendant is not an oversight"). Defendant mistakenly places the burden on Plaintiff to prove the jurisdictional amount is less than $75,000 when in fact, "a party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Int'l Union*, 366 F. Supp. 2d at 36. This federal deference for remand establishes a balance between a defendant's right to statutorily access federal court and a plaintiff's right to be 'master' of their claim. By allowing GSK to remove to federal court despite failing to prove either to a legal certainty or even by a preponderance of the evidence that the jurisdiction threshold exists, this Court would be upsetting an already well established

standard of review in favor of remand. The Plaintiff's claim for damages "deserves deference and a presumption of truth," *Burns v. Windsor Ins., Co.* 31 F.3d1092, 1095 (11th Cir. 1994)

**Jurisdiction Over DCHRA Claims Resides Solely With The D.C. Superior Court**

Defendant argues that under 28 U.S.C. § 1332 federal courts are granted "original jurisdiction" of civil actions in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. However, GSK's argument fails for two reasons: (1) diversity jurisdiction alone does not prove original jurisdiction exists absent consideration of state law; and (2) Defendant fails to recognize the distinction between state laws dictating proper forum and state courts barring its own jurisdiction over the claim, as is the case here.

Diversity jurisdiction in the federal courts is "generally concurrent with courts of general jurisdiction of the state wherein the federal court sits." *Guaranty Trust Co. of N.Y. v. York,* 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079; *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; *Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524. For purposes of diversity jurisdiction a federal district court is "in effect, only another court of the State." *Guaranty Trust Co.,* 326 U.S. 108. The Federal Rules dictate that state law directs the choice of forum because, "the capacity of an individual…to sue or be sued shall be determined by the law of the individual's domicile." Fed.R.Civ.P. Rule 17(b). Thus, under the Federal Rules, the DCHRA statutory language and Plaintiff's decision to bring the claim in D.C. Superior Court must be respected. Federal precedent has established that "diversity jurisdiction does not in and of itself open the doors of the federal courts without regard to the incidence of state law." *Erwin v. Barrow*, 217 F.2d 522 (10th Cir. 1954).

The Supreme Court in *Guaranty Trust* explains the following:

> When, because the plaintiff happens to be a nonresident, such a right is enforceable in a federal as well as in a State court, the forms and mode of enforcing the right may at times, naturally enough, vary because the two judicial systems are not identical. But since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the State.

*Id.* at 109.

In *Lamont*, the Court abolished the ability of any courts, other than the D.C. Superior Court to enforce the DCHRA. See *Lamont v. Rogers*, 479 A.2d 1274 (D.C. 1984). The *Lamont* decision stated, "we recognize that a civil suit is less efficient, and perhaps more time-consuming, than direct review by petition in this court. But we are powerless to extend our jurisdiction to matters, such as this one, which the legislature has clearly placed beyond our reach." *Id.* at 1278. With the D.C. Court of Appeals act of precluding DCHRA from all courts, other than the Superior Court, the presumption of original jurisdiction was nullified. *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079; *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 ("the rule against impairment of federal jurisdiction by the incidence of state law does not preclude the state from closing the doors of federal diversity courts to suitors to whom it has closed its own doors."). Defendant relies upon narrowly tailored case law where a specific D.C. Code stated that relief should or shall be granted to the state court, but none entail comparable facts to that of Jones where the appellate court has explicitly limited its own jurisdiction. Here, the D.C. Court of Appeals has said that it cannot adjudicate these claims and that relief is in fact only available in the Superior Court.

GSK argues that federal courts have the power to adjudicate any and all claims, so long as diversity jurisdiction is met, but in doing so, GSK ignores the delicate balance of federal

power and complicated history between state and federal courts.  Federal courts are courts of limited jurisdiction and as such, the law presumes that a cause lies outside of a federal court's limited jurisdiction. *See Julien v. CCA of Tenne., Inc*. 268 F. Supp. 2d 19, 21 (D.D.C. 2003); *see also*, *Naartex Consulting Corp. v. Watt*, 232 U.S. App. D.C. 293, 722 F.2d 779, 792 (D.C. Cir. 1983) ("Because federal courts are of limited jurisdiction, there is a presumption against the existence of diversity jurisdiction").  Accordingly, the party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action. This Court has already established that the burden of demonstrating the jurisdictional thresholds rests upon the party asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Company of America*, 511 U.S. 375, 377 (1994).

      A clear distinction between the cases Plaintiff has cited and those cited in Defendant's Reply Memorandum is that, Defendant's case law concerns irrelevant state laws not at issue in this remand.  Defendant cites *District of Columbia v. Transamerica Ins. Co*., 797 F.2d 1041 (D.C. Cir. 1986), to stand for the proposition that DCHRA actions can be properly removed to this Court.  *See Memorandum in Opposition*, p. 8.  In *Transamerica* however, the federal court had already issued a ruling in that action and, it was not until appeal, that the plaintiff argued that the federal court never had subject matter jurisdiction because of the Little Miller Act, D.C. Code §1-1104 – 1-1107.  *Id*. at 1043.  Here, the DCHRA is at issue and not the Little Miller Act. In *Transamerica*, the plaintiff offered no case law to support his argument that the Little Miller Act was intended to be adjudicated in Superior Court, in fact, the Court used case law that directly supported the opposite.  *Id*. at 1046 citing *District of Columbia ex rel. Driggs Co. v. Ranger Construction Co.*, 394 F. Supp. 801 (D.D.C. 1974).  Plaintiff however has cited legal precedent to support its contention that the Superior Court is the proper forum for this action.  Defendant

6

offers little more than the Little Miller Act to support his contention that the DCHRA can be removed to federal court.

A second distinction between the parties case law citations is that all of the cases Defendant cites in its Memorandum in Opposition were decided in the 1970's and 1980's before *Simpson v. District of Columbia Office of Human Rights*, 597 A. 2d 392 (D.C. 1991) and *Lamont v. Rogers*, 479 A.2d 1274, 1276-78 (D.C. 1984).  Both *Simpson* and *Lamont* held that the in a DCHRA claim, the plaintiff's recourse lies in a civil action in Superior Court. *Id*.  In addition, Jones provided this Court's precedent in support of the proposition that the United States District Court and the District of Columbia Office of Human Rights are mutually exclusive.  See *Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Remand* at p. 7 citing *Weiss v. International Brotherhood of Electrical Workers*, 729 F.Supp. 144, 1990 U.S. Dist. Lexis 902 (D.D.C. 1990).

## CONCLUSION

For all the reasons set forth above and in Plaintiff's Motion to Remand, Plaintiff, Floyd Jones respectfully requests that this Court grant his Motion to Remand this matter to the District of Columbia Superior Court, where it commenced.

Dated:  May 27, 2008

Respectfully submitted,

   /s/ Denise M. Clark   
Denise M. Clark (420480)
The Law Office of Denise M. Clark, PLLC
1250 Connecticut Ave, N.W.
Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLOYD JONES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-00566 (RMC) |
| ) | |
| SMITHKLINE BEECHAM CORP. ) | |
| d/b/a GLAXOSMITHKLINE ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I, Denise M. Clark, certify that on May 27, 2008, a copy of the foregoing *Plaintiff's Reply to Defendant's Memorandum In Opposition to Plaintiff's Motion to Remand was* served via ECF upon Defendant's counsel:

> H. Scott Johnson, Jr.
> Gonzalez, Saggio & Harlan, L.L.P.
> D.C. Bar No. 464415
> 1200 G Street, N.W., Suite 800
> Washington, D.C. 20005
> (202) 683-8929

Dated: May 27, 2008

> Respectfully submitted,
>
>      s//Denise M. Clark
> Denise M. Clark (420480)
> The Law Office of Denise M. Clark
> 1250 Connecticut Ave, N.W.
> Suite 200
> Washington, D.C. 20036
> (202) 293-0015
> dmclark@benefitcounsel.com