UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FLOYD JONES,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**GLAXO SMITHKLINE, INC.,**<br><br>      **Defendant.** | Case No. 1:08-cv-00566 (RMC) |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant SmithKline Beecham Corporation ("Defendant"), by way of undersigned counsel, hereby submits this Reply Memorandum in further support of its Motion to Dismiss.

**INTRODUCTION**

Faced with the prospect of having his claims dismissed, Plaintiff Floyd Jones ("Plaintiff") resorts to the well worn strategy of arguing straw man points and misapplying the law. Yet, when the smoke clears, the fact remains that Plaintiff has made two (2) rather significant missteps in this case that now preclude him from maintaining the instant action.

First, he opted to pursue an administrative complaint with the District of Columbia Office of Human Rights ("OHR") to a decision on the merits. Second, despite having the option to withdraw his administrative complaint and file suit in a court of competent jurisdiction, Plaintiff failed to file the instant action within the one-year statute

of limitations for claims brought under the District of Columbia Human Rights Act (the "DCHRA" or the "Act"). Accordingly, for the reasons set forth below, as well as in Defendant's Memorandum of Points and Authorities in Support of Its Motion to Dismiss (the "Memorandum"), this Court should grant Defendant's Motion.

## ARGUMENT

I. **DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED.**

   A. **This Court Has Jurisdiction Over Plaintiff's Claims.**

Plaintiff argues in his Opposition to Defendant's Motion to Dismiss that "this Court does not have original jurisdiction to decide the issues raised in Plaintiff's Complaint." (Opposition at 5.) In support of his position, Plaintiff contends that cases before this Court involving DCHRA claims "are distinguishable from this case in that the plaintiffs in those cases chose the District Court for the District of Columbia as their court of original jurisdiction," whereas in the case at hand "Jones has been compelled to make his case here as a result of the removal of this action." (Id.) Plaintiff further contends that the issues presented by this case "are uniquely within the jurisdiction of the D.C. courts because . . . the conflicting case law and regulatory landscape of administrative procedure must be reconciled to effectuate the rights of claimants under the DCHRA." (Id.) As is readily apparent from his argument, Plaintiff lacks even a rudimentary understanding of the principles upon which the federal court system was founded.

Contrary to Plaintiff's argument, this Court does in fact have "original jurisdiction" to decide the issues presented in his Complaint. Indeed, a district court's original jurisdiction arises from Article III of the United States Constitution and will exist

if an action involves a federal question or if there is complete diversity of citizenship. 28 U.S.C. §§ 1331-1332; Kopff v. World Research Group, LLC, 298 F.Supp.2d 50, 55 (D.D.C. 2003). For there to be complete diversity of citizenship, the action must be between citizens of different states and the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). As fully detailed in Defendant's Notice of Removal as well as Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Costs, the requisite elements for diversity jurisdiction are present in the above-captioned action.

> **1.     Regardless of whether this action was initially filed by Plaintiff in this Court or removed to this Court by Defendant, this Court has jurisdiction over Plaintiff's claims.**

Plaintiff fails to cite any case law to support his position that this Court can exercise jurisdiction over a DCHRA action initiated in this forum by a plaintiff but, somehow, cannot do so if the DCHRA action was removed by a defendant. The fact is that under the weight of authority, "both removal and original jurisdiction are proper in cases where Congress has provided for both federal and District of Columbia jurisdiction." Dist. of Columbia v. Transamerica Ins. Co., 797 F.2d 1041, 1046 (D.C. Cir. 1986). Such is the case in the matter at hand as this Court possesses removal and original jurisdiction over Plaintiff's DCHRA claims on the basis of complete diversity. See Whitbeck v. Vital Signs, Inc., 159 F.3d 1369 (D.C. Cir. 1998) (defendant removed plaintiff's DCHRA action from Superior Court to federal court on the basis of diversity jurisdiction); see also Green v. Howard University, 22 F.3d 1184, 1994 WL 118996 (Table) (D.C. Cir. 1994) (plaintiff invoked diversity jurisdiction and filed a DCHRA discrimination action in federal court); Odeyale v. Aramark Management Services, 518

3

F.Supp.2d 179, 182, n.3 (D.D.C. 2007) (defendant removed plaintiff's DCHRA discrimination action and retaliation action from Superior Court to federal court on the basis of diversity jurisdiction); McCain v. CCA of Tennessee, Inc., 254 F.Supp.2d 115, 117 (D.D.C. 2003) (plaintiff filed DCHRA action for discrimination and retaliation in federal court on the basis of diversity jurisdiction).

### 2.     A state law cannot deprive a federal court of jurisdiction.

Regardless of the intricacy or uniqueness of District of Columbia law or the "regulatory landscape of administrative procedure," it is a basic tenant of federal jurisprudence that a state statute cannot deprive a district court of its jurisdiction. See Dist. of Columbia v. Transamerica Ins. Co., 797 F.2d 1041, 1045 (D.C. Cir. 1986) (holding that whether the state law that provides for state court jurisdiction is couched in permissive or mandatory terms, the jurisdiction of the federal court will not be affected); Johnson v. Long Beach Mortgage Loan Trust 2001-4, 451 F.Supp.2d 16, 38 (D.D.C. 2006) (finding that the court had jurisdiction to hear a claim based on a state statute because a state cannot prevent a party from resorting to a federal court with proper jurisdiction for enforcement of a right created by the state); Independent Communications v. MCI Telecommunications, 657 F. Supp. 785, 786 (D.D.C. 1987) (holding that jurisdiction in federal court was proper "despite the fact that the statute provides for a cause of action to be brought in the Superior Court of the District of Columbia"). Indeed, "to allow such linguistic variation in state laws to have any effect [on a district court's jurisdiction] would grant the states power to determine the federal courts' docket." Dist. of Columbia v. Transamerica Ins. Co., 797 F.2d at 1045.

…

As the jurisdiction of this Court has been established, a District of Columbia statute providing for jurisdiction in Superior Court cannot preclude this Court from exercising its original jurisdiction. See Transamerica Ins. Co., 797 F.2d at 1045; Eckert v. Fitzgerald, 550 F. Supp. 88, 89-90 (D.D.C. 1982).[1]

### B. OHR's No Probable Cause Determination Precludes Plaintiff from Maintaining Any DCHRA Claims Against Defendant.

Ignoring the clear and unequivocal provisions of the DCHRA, Plaintiff remarkably contends that, somehow, the Act's election of remedies provision does not apply to the present case. (Opposition at 9.) Specifically, in a convoluted argument that blatantly misstates and contorts the applicable law, Plaintiff ludicrously argues that because OHR's no probable cause determination is allegedly not a "contested case" under the District of Columbia Administrative Procedure Act ("DCAPA"), he can pursue his DCHRA claims against Defendant in a court of law. (Id.)

Plaintiff's proffered argument is legally flawed for two reasons. First, the Act clearly provides that a claimant who has received a determination from OHR does not have a private cause of action under the DCHRA. D.C. CODE § 2-1403.16(a). Second, the notion of whether an OHR determination is a "contested case" only pertains to a court's right to entertain a petition for review of an OHR finding; it has nothing to do with the Act's election of remedies doctrine. See Hogue v. Roach, 967 F. Supp. 7, 10 (D.D.C. 1997); Brown v. Capitol Hill Club, 425 A.2d 1309, 1311 (D.C. 1981).

---

[1] In Eckert, this Court held that diversity jurisdiction over an ejectment proceeding was proper even though the proceeding stemmed from a District of Columbia statute, which provided that such actions may be brought in the Superior Court. Eckert, 550 F. Supp. at 89-90. Similarly, in Transamerica Ins. Co., the District of Columbia Circuit Court held that diversity jurisdiction with the district court was proper even though the matter arose from a District of Columbia statute, which mandated that suits be brought in the Superior Court. Transamerica Ins. Co., 797 F.2d at 1045.

### 1.   Plaintiff does not have a private right of action under the Act.

The DCHRA is a comprehensive statute that proscribes unlawful discriminatory practices and delineates specific guidelines, procedures and timetables for seeking redress. Brown v. Capitol Hill Club, 425 A.2d 1309, 1311 (D.C. 1981); see D.C. CODE §§ 2-1401 *et seq.* (2008). Within one (1) year of the alleged unlawful discriminatory practice, an aggrieved individual may file a complaint with OHR **or** in any court of competent jurisdiction. D.C. CODE §§ 2-1403.04(a) and 2-1403.16(a). It is well settled that the jurisdiction of a court and OHR is mutually exclusive; therefore, if an aggrieved individual opts to file a complaint with OHR, he cannot also file a complaint in court. Hogue v. Roach, 967 F. Supp. 7, 10 (D.D.C. 1997); Simpson v. Office of Human Rights, 597 A.2d 392, 397 (D.C. 1991); Brown, 425 A.2d at 1311.

Once a complainant has filed with OHR, an investigation is conducted to determine whether there is probable cause to support that the respondent engaged in an unlawful discriminatory practice. D.C. CODE § 2-1403.05(b). If OHR concludes that probable cause does not exist, the Director for OHR must dismiss the allegations of the complaint. Id. at § 2-1403.05(c). Upon the dismissal of the complaint, a complainant may seek reconsideration of the no probable cause determination by filing a written application to OHR. Simpson, 597 A.2d at 397.

If reconsideration is denied or if the complainant fails to seek reconsideration in a timely fashion, the complainant's only remaining option is to seek judicial review of OHR's determination by filing a written petition for review with the District of Columbia Court of Appeals. D.C. CODE § 2-1403.14; Parker v. National Corp. for Housing Partnerships, 697 F. Supp. 5, 7 (D.D.C. 1988). Unlike Title VII, the Act "***does not***

*authorize the complainant to bring suit on his or her own behalf if the agency declines or fails to do so.*" Simpson, 597 A.2d at 397. (emphasis added.) Indeed, the filing of a complaint with OHR constitutes an election of remedies that precludes complainant from initiating a claim in any court, unless OHR has dismissed the complaint on grounds of administrative convenience or the complainant has withdrawn his complaint before an administrative decision is rendered. See D.C. CODE § 2-1403.16(a); Parker, 697 F. Supp. at 7; Brown, 425 A.2d 1309 at 1311.

Because Plaintiff failed to withdraw his administrative complaint before OHR rendered a no probable cause determination, Plaintiff cannot maintain his current action against Defendant for alleged violations of the Act. The District of Columbia Court of Appeals and this Court have both recognized the election of remedies doctrine under the DCHRA and precluded plaintiffs, who first filed administrative complaints with OHR, from maintaining a court action against a defendant for alleged violations of the DCHRA. See Brown, 425 A.2d 1309 at 1312; Hogue, 967 F. Supp. at 7.

In Brown, the aggrieved claimant filed a complaint with OHR alleging discrimination in violation of the DCHRA. After investigating the claimant's allegations, OHR issued a no probable cause determination letter. The claimant then filed an action on the same claim that was before OHR in Superior Court and the defendant moved for dismissal. The District of Columbia Court of Appeals affirmed the Superior Court's dismissal of the complaint in light of the DCHRA's election of remedies provision. See 425 A.2d 1309 at 1312 (holding that by filing his complaint with OHR, "[the appellant] lost his right to bring the same action in court").[2]

---

[2] The District of Columbia Court of Appeals has reached the same conclusion as it did in Brown even in instances where OHR determined there was probable cause to believe that the employer engaged in

7

In Hogue, the plaintiff filed a complaint with OHR alleging discrimination under the DCHRA by her former employer and the CEO of her former employer. Although OHR completed an investigation of the plaintiff's complaint and concluded that there was no probable cause to believe that a violation of the DCHRA had occurred, the plaintiff filed an action in this Court against her former employer and the CEO of her former employer based, in part, on alleged DCHRA violations. Relying on the election of remedies provision of the DCHRA, this Court granted defendants' motion to dismiss the plaintiff's DCHRA claims. 967 F. Supp. at 10. Finding that OHR "reached a conclusion on the merits rather than dismissing it on grounds of administrative convenience" and that the plaintiff "never withdrew his [administrative] complaint," this Court held that the plaintiff could not "bring an action in this or any other Court alleging violations of the D.C. Human Rights Act." Id.[3]

A similar conclusion as to that reached in Brown and Hogue is warranted in this case. Like the circumstances in Brown and Hogue, Plaintiff filed the above-captioned action against Defendant and alleged the very same claims in this Court that OHR had already dismissed on the basis of its no probable cause determination. As OHR reached a conclusion on the merits of Plaintiff's allegations (rather than dismissing it for administrative convenience) and Plaintiff failed to withdraw his administrative complaint

---

unlawful practices under the DCHRA. In Anderson v. U.S. Safe Deposit Comp., 552 A.2d 859 (D.C. 1989), despite a probable cause finding by OHR, the plaintiff withdrew her administrative complaint before a hearing was conducted and filed a DCHRA action in Superior Court. The District of Columbia Court of Appeals affirmed the Superior Court's dismissal of the case holding that the plaintiff was barred from obtaining judicial relief because she had failed to withdraw her administrative complaint before OHR had rendered a decision. Id.

[3] This Court reached the same conclusion in Parker, 697 F. Supp. at 7, and Weiss v. International Broth. Of Elec. Workers, 729 F. Supp 144, 146-147 (D.D.C. 1990). In Parker, this Court granted the defendant employer's motion to dismiss the plaintiff's DCHRA claim as the plaintiff had previously filed a claim with OHR, which had been dismissed. 697 F. Supp. at 7. In Weiss, this Court dismissed the plaintiff's DCHRA claims after learning that OHR had already dismissed the plaintiff's administrative complaint. 729 F. Supp. at 147.

prior to OHR's issuance of its findings, Plaintiff is precluded from instituting a de novo proceeding against Defendant in this Court or any other Court for alleged violations of the DCHRA. See Brown, 425 A.2d 1309 at 1312; Hogue, 967 F. Supp. at 7.

Because Plaintiff's only remaining course of action is to file a written petition for review of OHR's determination -- as the plaintiffs did in Lamont v. Rogers, 479 A.2d 1274, 1278 (D.C. 1984), Simpson, 597 A.2d at 397, and Small v. Office of Human Rights, 768 A.2d 994, 996 (D.C. 2001) -- his Complaint against Defendant should be dismissed.[4]

### 2. Whether OHR's determination is a "contested case" under the DCAPA is irrelevant in light of the Act's election of remedies doctrine.

Regardless of whether an OHR determination is classified as a "contested case" under the DCAPA, Plaintiff is still precluded from maintaining the above-captioned action. Indeed, contrary to Plaintiff's argument in his Opposition, the notion of a "contested case" under the DCAPA solely relates to a court's power to review an agency's decision. See Lamont, 479 A.2d at 1278. It does not permit a plaintiff, who has received a determination from OHR, to maintain a private cause of action for an alleged violation of the Act. Simpson, 597 A.2d at 397.

To support his purported entitlement to maintain the case at hand, Plaintiff relies on Lamont, Simpson, and Small v. Office of Human Rights, 768 A.2d 994, 996 (D.C. 2001) as, allegedly, standing for the proposition that a finding of "no probable cause" is

---

[4] OHR specifically advised Plaintiff that his only remaining course of action was to seek judicial review of the determination. In its June 11, 2007, determination (attached to Defendant's Memorandum as Exhibit 2), OHR advised Plaintiff that if he did not seek reconsideration, he had three years "to file a Petition for Review with the District of Columbia Superior Court." (Memorandum, Exhibit 2 at p. 22.) In its September 4, 2007, Determination on Complainant's Request for Reconsideration (attached to Defendant's Memorandum as Exhibit 3), OHR stated "[t]his letter constitutes a final decision from OHR. Complainant has three (3) years from receipt of this finding to file a petition for review with the D.C. Superior Court." (Memorandum, Exhibit 3 at p. 4.)

not a "contested case." [5] (Opposition at 10.) However, what Plaintiff fails to note is that none of the aforementioned cases involve an action between a claimant and an employer; instead, they each involve a claimant who has filed a petition for review of an OHR determination pursuant to the DCAPA. As such, the dispositive issue in Simpson, Lamont, and Small is the court's power to review an OHR decision and not whether a no probable cause determination by OHR permits Plaintiff to maintain a private cause of action against Defendant for DCHRA violations. In fact, Simpson clearly states that a plaintiff cannot maintain such an action. See Simpson, 597 A.2d at 397 (stating that unlike other civil rights statutes, the DCHRA "does not authorize the complainant to bring suit on his or her own behalf if the agency declines or fails to do so").

    **C.**    **The DCHRA's One-Year Statute of Limitation Precludes Plaintiff from Maintaining the Instant Action.**

Claims brought under the DCHRA "shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory act, or the discovery thereof . . . ." D.C. CODE §2-1403.16(a). Since Plaintiff filed the instant action nearly two (2) years after the termination of his employment, Defendant asserted in its Memorandum that Plaintiff's claims were untimely. Defendant's position in this regard was based largely on this Court's ruling in Kamen v. International Broth. of Elec. Workers (IBEW), et seq., 505 F.Supp.2d 66, 75-76 (D.D.C. 2007), which held that the filing of an administrative complaint before OHR does not toll the DCHRA statute of limitations.

---

[5] Plaintiff states that the passage of the DCAPA changed how courts interpret a plaintiff's rights under the DCHRA. However, as is evident from the legislative history of both statutes, the DCAPA (and the notion of a "contested case') was enacted long before the DCHRA. The DCAPA was enacted on October 21, 1968. See 82 Stat. 1204; Pub. L. 90-614; D.C. CODE §§ 2-501 et seq., while the DCHRA was enacted on December 13, 1977. See D.C. Law 2-38, title III, § 314, 24 DCR 6038; D.C. CODE §§ 2-1401.01 et seq.

In a misguided and factually inaccurate argument, Plaintiff maintains that this Court was mistaken in Kamen, as it allegedly did not have "the fully panoply of information before it." (See Opposition at 6.) Specifically, Plaintiff cites to the last sentence of D.C. CODE §2-1403.16(a) and erroneously claims that this language was not before the Court in Kamen.[6] (Id.) A cursory review of the defendant's brief in Kamen, however, reveals that this language was in fact brought to the Court's attention. (See Case 1:06-cv-01063, Defendant's Motion to Dismiss Counts II, III and most of Count IV of the Amended Complaint, p. 18.) Accordingly, Plaintiff's point here is entirely moot. The Kamen decision is well founded.[7]

Even assuming, for the sake of argument, that the Kamen decision is incorrect and/or that the statute of limitations did in fact toll in this case, many of Plaintiff's claims are still time-barred. As explained in Defendant's Memorandum, one (1) year prior to the filing of Plaintiff's Complaint (taking into consideration any possible alleged tolling period) is March 15, 2006. Accordingly, any alleged discrete acts of discrimination that took place (or was discovered by Plaintiff) on or prior to March 14, 2006, is outside the statute of limitations. See Zuurbier v. MedStar Health, Inc., 895 A.2d 905, 911 (D.C. 2006) (noting that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify" and " 'are not actionable if time-barred, even when they are related to acts alleged in timely filed charges.'") (citing National Rail

---

[6] The last sentence of D.C. CODE §2-1403.16(a) provides that: "[t]he timely filing of a complaint with the Office, or under the administrative procedures established by the Mayor pursuant to §2-1403.03, shall toll the running of the statute of limitations while the complaint is pending."

[7] Either deliberately or through an oversight, Plaintiff takes great pride in pointing out to the Court that Defendant did not cite to the last sentence of D.C. CODE §2-1403.16(a) on page 6 of its Memorandum, so as to suggest that Defendant has proffered arguments in bad faith. What Plaintiff has neglected to mention here is that on page 8 of its Memorandum (wherein this issue is actually discussed), Defendant does in fact cite to this portion of D.C. CODE §2-1403.16(a).

Road Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)). The alleged discrete acts of discrimination advanced by Plaintiff which are time-barred include, but are not limited to, Plaintiff's allegations that Defendant denied him opportunities to advance his career, subjected him to improper investigatory calls, denied and/or discouraged him from training opportunities, and refused to promote him. (See generally Plaintiff's Complaint.)

To the extent any alleged act of discrimination was continuing in nature, as Plaintiff alleges, courts in the District of Columbia have made it clear that a plaintiff cannot make untimely claims timely by virtue of invoking the continuing violations doctrine unless the plaintiff was unaware of the discriminatory act(s) when it took place. See Taylor v. F.D.I.C., 132 F.3d 753, 765 (D.C. Cir. 1997) ("For statute of limitations purposes, a continuing violation is "one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period, typically because it is only its cumulative impact (as in the case of a hostile work environment) that reveals its illegality.") (internal quotations omitted) (citations omitted); Keith v. Duffey, 77 F.Supp.2d 46, 49 (D.D.C. 1999) (holding that "even if the facts of this case could support a finding of a 'continuing violation,' the Court would hesitate to extend such equitable relief to plaintiff when he demonstrated knowledge of the existence of a potential claim . . ."). Here, Plaintiff was well aware of the alleged discriminatory acts he complains of when they occurred, which, as discussed above and in Defendant's Memorandum, were well outside of the limitations period. (See generally Plaintiff's Complaint.)

## CONCLUSION

For all these reasons stated herein as well as those set forth in Defendant's Memorandum of Points and Authorities, the Motion to Dismiss should be granted.

Dated this 30th day of May, 2008.                    Respectfully submitted,

                                                              /s/ H. Scott Johnson, Jr.
Gonzalez, Saggio & Harlan, L.L.P.
H. Scott Johnson, Jr., *Of Counsel*
  D.C. Bar No. 464415
1200 G Street, N.W., Suite 800
Washington, D.C. 20005
(202) 683-8929

Gonzalez, Saggio & Harlan, L.L.P.
Emery K. Harlan
  (Not admitted in the District of Columbia)
Warren E. Buliox
  (Not admitted in the District of Columbia)
225 East Michigan Avenue
Milwaukee, WI 53202
(414) 277-8500

*Counsel for Defendant SmithKline Beecham Corporation*

**CERTIFICATE OF SERVICE**

I certify that on May 30, 2008, a copy of the foregoing Reply Memorandum In Support Of Defendant's Motion to Dismiss was served via CM/ECF upon the following:

>Denise M. Clark, Esq.
>The Law Office of Denise M. Clark
>1250 Connecticut Avenue, N.W., Suite 200
>Washington, D.C. 20036
>dmclark@benefitcounsel.com
>
>*Counsel for Plaintiff Floyd Jones*

                        /s/ H. Scott Johnson, Jr.
                        H. Scott Johnson, Jr.